Andrew BEAVER, Plaintiff,

v.

Anthony J. CELEBREZZE, Secretary of Health, Education, and Welfare, Defendant.

Civ. A. No. T-2963.

United States District Court
D. Kansas.

Oct. 1, 1962.

Charles S. Scott, of Scott, Scott, Scott & Jackson, Topeka, Kan., for plaintiff.

Elmer Hoge, Asst. U. S. Atty., District of Kansas, Topeka, Kan., for defendant.

HUXMAN, Senior Circuit Judge.

Plaintiff, Andrew Beaver, invokes the jurisdiction of this court under 42 U.S. C.A. § 405(g). He seeks the judgment of this court setting aside the determination of an examiner denying his application for a so-called "wage freeze" under 42 U.S.C.A. § 416(i) and § 223 of the Social Security Act. On November 20, 1958, plaintiff filed a disability application claiming he became totally disabled to engage in any substantial gainful activity and such disability continues to the date of the hearing, August 29, 1961. A full hearing was had and a decision was entered holding plaintiff not entitled to establishment of a disability period under § 216(i) of the Social Security Act. Appeal was had and the decision was affirmed.

To be entitled to the "wage freeze" he seeks, plaintiff must establish an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

death or to be of long-continued and indefinite duration." [1]

Plaintiff's disability, if of the kind entitling him to the "wage freeze", has existed for a sufficient time to entitle him to the status he seeks. The record shows these facts.

Plaintiff was born August 11, 1901, and became unable to work May 20, 1958, at the age of 56 years, because of tuberculosis. He has an 8th grade education. He did farm work. From July, 1955, to April, 1956, and from January, 1957, to April 1957, he worked for a railroad as a machinist helper. From April, 1956, to December, 1956, he worked in a drug store as a janitor and porter. From April, 1957, to May, 1958, he worked for the State of Kansas as a janitor. In January, 1958, his condition was diagnosed by a doctor as minimal active pulmonary tuberculosis. He was admitted to the State Sanatorium for Tuberculosis at Norton, Kansas, in May, 1958. Dr. Taylor of the hospital examined him on August 5, 1958, and stated his condition was static. He filed the application on which this proceeding is based while he was in the hospital.

Dr. Taylor reported that plaintiff was discharged from the hospital January 11, 1959, with his tuberculosis "apparently arrested." Medication was to be continued and he was to be examined every three months. While in the Sanatorium, plaintiff did four hours of light work per day. The institutional authorities reported " * * * and we feel that it is all right for him to do this after he gets home. He should not increase his work time, however, until future re-examinations reveal that he is progressing satisfactorily at home. We would encourage him to keep up with the four hours light work if he can find something to do."

In January, 1959, plaintiff was accepted by the Kansas Vocational Rehabilitation Agency for rehabilitation. Dr. Baude stated on December 4, 1958, that

plaintiff could do 8 hours of light work per day but that if he could not find such work, he should be considered unemployable. The rehabilitation counselor learned that beginning November 1, 1959, plaintiff had obtained a job as a porter at a book store. He worked 20 hours a week, 4 hours per day for 5 days. His salary was $1.25 per hour. On January 19, 1960, plaintiff obtained a second job as an evening janitor at the State Office Building at a salary of 85 cents per hour for 5 hours a day, 5 days a week. On this basis, plaintiff's total yearly salary was $2,405.00. The nature and hours of plaintiff's work were checked by the vocational rehabilitation counselor to make sure that plaintiff was not exceeding his physical capacity. He was found capable of the requirements of both jobs. Dr. Baude stated in March, 1961, that he had seen plaintiff on October 21, 1960. He stated that plaintiff could do " * * * 8 hours of very light work." Plaintiff was still employed on August 23, 1961, and had requested more hours of work so he could earn more money. At the time of this hearing, August 29, 1961, plaintiff was earning $107.26 per month on his job.

The law specifically limits the jurisdiction of this court to an inquiry to determine if the findings are supported by the record. If so, the judgment of the Administrator must be affirmed. The facts in this case establish, beyond a reasonable doubt, that plaintiff not only is capable of gainful employment but is, in fact, gainfully employed. If his condition should worsen, he is not precluded from the benefits of the Act. He may apply again. The examiner held that, "In the event that claimant's condition becomes worse and he is precluded from continuing in a gainful occupation, his earnings requirements are such that he can file another application with evidence showing that he is no longer employed."

The judgment challenged will be affirmed.

1. 42 U.S.C.A. §§ 416(i) (1) and 423(c) (2).